## MILLIKEN *against* KENDIG.

Real estate having been sold by the sheriff, on an execution against an heir, to whom the estate descended, it was *held:* That judgments against the ancestor from whom the estate come, must be paid by the sheriff out of the proceeds of the sale.

ERROR to the Common Pleas of *Mifflin* county.

In the court below, this was an issue directed to try the right to money in the hands of the sheriff, which was made out of the sale of the real estate of *Henry Comfort.*

*Jacob Comfort,* being indebted by judgment, died, and his real estate descended to his children, of whom *Henry Comfort* was one. Judgments were obtained against *Henry,* and executions issued, which were levied upon his interest in his father's estate, which was subsequently sold and the proceeds of sale brought into court for appropriation. It was claimed by the creditors of the father and the son, between whom this issue was joined.

The court below was of opinion that the purchaser took just such interest as *Henry Comfort* had in the estate of his father; and that it would be subject in his hands to the debts of the father, and therefore the creditors of the son were entitled to the proceeds of the sale.

*Benedict* for plaintiff in error.

Real estate must be sold clear of incumbrances. *Nichols* v. *Postlethwaite,* 2 *Dall.* 131. *Bank of N. Amer.* v. *Fitzsimons,* 3 *Bin..* 358. *Barnet* v. *Washebaugh,* 16 *Serg. & Rawle,* 410. *Commonw.* v. *Alexander,* 14 *Serg. & Rawle,* 257. *Gilmore* v. *Commonw.* 17 *Serg. & Rawle,* 276. *Bank of Pennsylvania* v. *Winger,* 1 *Rawle,* 295. *McLanahan* v. *McLanahan,* 1 *Penn. Rep.* 96. *Finney* v. *Commonw.* 1 *Penn. Rep.* 240. *McGrew* v. *McLanahan,* 1 *Penn. Rep.* 44.

*J. Fisher* for defendant in error,

Insisted that the injustice that would be done to the defendant whose property was sold, was a sufficient reason why the law should not be so construed as contended for by the plaintiff in error. It would be paying the father's debts out of the interest of one of his children, to the exclusion of the others, who would be thereby benefitted. Cited *Kershaw* v. *Supplee,* 1 *Rawle* 134.

The opinion of the court was delivered by

ROGERS, J.—I cannot distinguish this, from the case of the *Commonwealth for the use of Gurney's executors* against *Alexander,*

(Milliken *v.* Kendig.)

*14 Serg. & Rawle,* 257. The 11th section of the act of 1806, was not intended to prohibit the sale of an undivided interest in an entire tract of land, nor has the plaintiff in error, so construed the law. After having himself sold the share of *Henry Comfort,* he now seeks to throw the prior incumbrances on the ,vendee of the sheriff. This cannot be,.as has been repeatedly decided. The sheriff's vendee takes the land, discharged of the liens of incum-brances, unless it be in certain excepted cases, of which this is not one. Whether the lien creditors of *Jacob Comfort* are entitled to the whole price for which the interest of *Henry Comfort* was sold or to a proportional part, it is unnecessary to decide. *Henry Comfort,* or his creditors, would be undoubtedly entitled to a con-tribution, but in what way this may be effected, has not been set-tled.

Judgment reversed, and a *venire de novo* awarded.